MORTON & CRAIG LLC
John R. Morton, Jr.
110 Marter Ave.
Suite 301
Moorestown, NJ 08057
Telephone: 856-866-0100
Attorney for: Ally Capital

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re: | Case No. 17-32447(JNP) |
| PRADIP DASGUPTA<br>DENICE DASGUPTA | Chapter 13 |
| | Hearing Date: 1-3-18 |
| | **OBJECTION TO CONFIRMATION** |

Ally Capital ("Ally"), a secured creditor of the Debtors, objects to the Debtors' plan for the following reasons:

a. **910 CLAIM:** Ally holds a first purchase money security interest encumbering a 2013 GMC TERRAIN owned by the debtor. The vehicle was purchased on 8-22-16, less than 910 days before filing and cannot be crammed down. At filing, the net balance due Ally on the retail installment contract encumbering the vehicle was $26,332.02. The plan must be revised to pay Ally the net account balance of $26,322.02 plus interest at 5.5%. The trustee should compute interest. If interest was pre-computed, the trustee would pay Ally $30,178.33 over 60 months.

b. **Adequate protection:** The plan violates 11 U.S.C. 1325, 1326 and 361. It fails to pay adequate protection payments

    to Ally.  Adequate protection payments should be made to Ally before and continue <u>after confirmation</u> until regular payments are to be commenced through the plan to Ally. Adequate protection payments to Ally should be given super priority administrative expense status and in all events must be paid prior to payment of any counsel fees to Debtors' attorney.  Ally requests adequate protection payments of $395 a month being 1.5% of the net account beginning in December of 2017.

c. **Proof of insurance:** The vehicle must be insured with comprehensive and collision insurance coverage and liability coverage in accordance with the requirements contained in the contract.  Ally must be listed as loss payee or additional insured. **The Debtors must provide Ally with proof that the vehicle is insured in accordance with §1326(a)(4) and this portion of the objection to confirmation should be considered a demand that the Debtors provide proof of insurance**.

   d. Ally must retain its lien on the vehicle following confirmation.

   e. **Order of payments:** Ally must be paid adequate protection payments prior to payment of counsel fees and other administrative expenses, with the exception of trustee commissions.

/s/ John R. Morton, Jr., Esq.
John R. Morton, Jr., Esq.
Attorney for Ally Capital

Date: 12-30-17